**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-22946-KMM

CRISTIAN JOSUE ALEMAN LOPEZ,

      Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, Secretary,

      Respondent.

_____/

## <u>ORDER TO SHOW CAUSE</u>

THIS CAUSE came before the Court upon Petitioner Cristian Josue Aleman Lopez's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus (the "Petition" or "Pet.") (ECF No. 1) and Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (the "IFP Motion" or "Mot.") (ECF No. 3).  In the Petition, Petitioner alleges that he is in the physical custody of Respondent at the Krome North Service Processing Center in Miami, Florida.  *See* Pet. at 1.  Now apparently subject to removal proceedings, Petitioner alleges that he has been held in "[p]rolonged immigration detention [with] no bond," despite being neither a flight risk nor a danger to the community.  *See id.* at 1, 6.  Petitioner also claims that he does not have convictions or other prior criminal history. *See id.* at 7.

Thus, Petitioner asks the Court to:  (1) issue a writ of habeas corpus directing Respondent to explain why he should not be immediately released from custody; and (2) issue a declaratory judgment stating that Respondent's interpretation of the Immigration and Nationality Act is arbitrary and capricious, an erroneous interpretation of law, and violates the Eighth Amendment. *See id.*

In the IFP Motion, Petitioner seeks leave to proceed *in forma pauperis*. *See generally* Mot. Pursuant to 28 U.S.C. § 1914, "parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise" are required to pay the filing fee, which for applications for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914(a). To proceed *in forma pauperis*, Petitioner must file an affidavit showing inability to pay fees or give security which states "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). The Rules Governing § 2254 Cases in the United States District Courts similarly require that a petitioner seek leave to proceed *in forma pauperis* pursuant to the requirements of 28 U.S.C. § 1915.[1] Rules Governing § 2254 Cases, R. 3(a)(2).

While both § 1915 and Rule 3(a) also require a certificate from an officer of the place of confinement showing the prisoner's account statement for the 6-month period preceding the filing of the petition, the Eleventh Circuit has held that petitioners detained only pursuant to a civil immigration detainer are not prisoners within the meaning of the Prison Litigation Reform Act, such that certain provisions applying only to prisoners may not properly be applied to immigration detainees. *See Danglar v. Dep't of Corr.*, 50 F.4th 54, 59–60 (11th Cir. 2022); 42 U.S.C. § 1997e(h) (defining "prisoner" as a person detained or incarcerated in connection with "violations of criminal law"); *see also Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) (explaining that nevertheless "under § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike"). Reconciling this guidance, the Court finds that where petitioners have filed an affidavit demonstrating their inability to pay and their entitlement to redress, it may allow such petitions to proceed even without a certified account

---

[1] The Rules Governing § 2254 Cases also govern petitions under § 2241. *See* Rules Governing § 2254 Cases, R. 1(b); *O'Neal v. United States*, No. 22-cv-20193, 2022 WL 168536, at *1 (S.D. Fla. Jan. 19, 2022).

statement so long as the petitioners have demonstrated an inability to pay fees within the meaning of the Rule 3(a).  The Court does so here as to Petitioner.

UPON CONSIDERATION of the Petition and the IFP Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) because Petitioner is detained in this District;

2. The IFP Motion (ECF No. 3) is GRANTED, and Petitioner may proceed without prepayment of the $5.00 filing fee.  Petitioner will now become indebted to the United States for that amount, and Petitioner's facility must make payments from Petitioner's institutional account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the full filing fee of $5.00 is paid;

3. Petitioner is not to be transferred until these proceedings have terminated, and therefore Respondent shall maintain Petitioner's detention within the Southern District of Florida for the pendency of the Petition, and direct any applicable authorities to maintain the same;

4. On or before **May 1, 2026**, Respondent shall file <u>one (1)</u> consolidated memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

5. Counsel for Respondent must caption the memorandum as a "Response" rather than a Motion to Dismiss, and is cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

6. Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

7. Petitioner may, but is not required to, file a Reply within <u>seven (7) days</u> of Respondent's Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances;

8. The Court will address Petitioner's other requested relief after having reviewed the Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this __28th__ day of April, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record